# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBERT BAISE, JR.,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-01403-RDP-JHE |
| **WARDEN DEBORAH TONEY, et al.,** | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Robert Baise, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2019 convictions and sentences in the Circuit Court of Etowah County, Alabama. (Docs. 1 & 8). On July 19, 2022, the Magistrate Judge entered a Report and Recommendation recommending the court grant Respondents' motion for summary dismissal concerning Baise's 2019 convictions and sentences. (Doc. 19). To the extent Baise also challenges his 2017 Community Corrections revocation, the Magistrate Judge recommended the court dismiss those claims without prejudice under 28 U.S.C. § 2244(b)(3)(A), based on the court's lack of subject-matter jurisdiction. (Doc. 19).

On August 3, 2022, the court received Baise's objections to the Report and Recommendation. (Doc. 20). A substantial portion of Baise's objections is devoted to the merits of his claims and other events he contends occurred during his criminal proceedings. However, the court will focus on Baise's objections that are responsive to the Magistrate Judge's conclusion that the claims are time-barred and procedurally defaulted.

First, Baise argues that the limitation period for filing a federal habeas petition did not begin to run when his convictions became final, but rather when the State removed the impediment

to filing a petition pursuant to 28 U.S.C. § 2244(d)(1)(B). (Doc. 20 at 9-11). Specifically, Baise contends that Etowah County Jail officials interfered with his legal mail while he was confined there for two years and created an impediment to filing a federal habeas petition. (Doc. 20 at 9, 24). But Baise has offered only speculative and conclusory assertions of this alleged interference. (Doc. 20 at 9, 24). More importantly, Baise does not allege that while housed at the Etowah County Jail, he mailed a timely federal petition for a writ of habeas corpus challenging his 2019 convictions that never reached this court. Baise does not dispute that he did not file this action until October 19, 2021, nearly one year after the statute of limitations expired. Accordingly, Baise's assertion that the statute of limitations did not begin to run until he was transferred from the Etowah County Jail is without merit.

Alternatively, Baise contends he did not receive the state court record until December 23, 2021, and therefore his limitation period did not begin until this date pursuant to § 2244(d)(1)(D) when the factual predicate of the claims presented could have been discovered through due diligence. (Doc. 20 at 11). But, Baise initiated this action on October 19, 2021, before he received the state court record. (Doc. 1 at 16). Thus, not having the state court record in his possession clearly did not impede his ability to file a federal habeas petition.

Even if Baise's claims were timely filed, he has not alleged facts to overcome the Magistrate Judge's finding that his claims are also procedurally defaulted. The claims Baise seeks to assert in his federal habeas petition were not included in his direct appeal or any other post-conviction proceeding and, therefore, have not gone through a complete round of state court review. (Doc. 14-13 at 7, 32). *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) ("Exhaustion requires that 'state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process.'") (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Additionally, Baise has not established cause and prejudice for his procedural default or a fundamental miscarriage of justice. *See Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013). Thus, his claims are also due to be dismissed as procedurally defaulted.

Baise continues to invite the court to consider his 2017 Community Corrections revocation. (Doc. 20 at 12-19). In 2018, the court addressed Baise's challenge to his 2017 Community Corrections revocation in a separate action and determined that his claims were without merit; therefore, the court dismissed the petition with prejudice. *See Baise v. Estes*, No. 4:18-cv-00994-VEH-JHE, ECF Nos. 19, 20, 21. Accordingly, Baise's attempt to again challenge his 2017 revocation is successive and requires that he first obtain authorization from the Eleventh Circuit Court of Appeals before this court has jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A).

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report and **ACCEPTS** the Recommendation. Consistent with that recommendation, the court finds that Respondents' motion for summary dismissal concerning Baise's 2019 convictions and sentences is due to be granted and the claims are due to be dismissed with prejudice. The court further finds that Baise's challenge to his 2017 Community Corrections revocation is due to be dismissed without prejudice based on lack of subject-matter jurisdiction under 28 U.S.C. § 2244(b)(3)(A).

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Baise's claims concerning his 2019 convictions and sentences do not satisfy either standard.[1]

A final judgment will be entered separately.

**DONE** and **ORDERED** this August 31, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability is not necessary to appeal Baise's claims concerning his 2017 Community Corrections revocation since dismissal for lack of subject-matter jurisdiction is not "a final order in a habeas proceeding." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) (quotation marks and citation omitted). Rather, such a dismissal is viewed as a "final decision" under 28 U.S.C. § 1291. *Id.*